UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TAMARA J. ULERY,

    Plaintiff,                                Case No. 3:16-cv-134

vs.

COMMISSIONER OF                         District Judge Walter H. Rice
SOCIAL SECURITY,                        Magistrate Judge Michael J. Newman

    Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 10), Plaintiff's reply memorandum (doc. 11), the administrative record (doc. 5),[3] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

# I.

## A. Procedural History

Plaintiff filed for DIB and SSI alleging a disability onset date of August 8, 2012. PageID 232-44. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, degenerative joint disease of the knees, carpal tunnel syndrome, fibromyalgia, obesity, sleep apnea, anxiety and depression. PageID 69. After initial denial of her applications, Plaintiff received a hearing before ALJ Gregory Kenyon on September 22, 2014. PageID 91-111. The ALJ issued a written decision on November 17, 2014 finding Plaintiff not disabled. PageID 67-85. Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 46-48. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

## B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 67-85), Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 10), and Plaintiff's reply (doc. 11). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

# II.

## A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

## B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred by: (1) failing to include, in his RFC, her limited ability to maintain concentration, persistence, or pace; (2) improperly weighing opinion evidence -- namely, opinions from her treating primary the care physician Malak Adib, M.D., treating rheumatologist, Mujeeb Ranginwala, M.D., and record-reviewers Anton Freifofner, M.D. and Diane Manos, M.D.; and (3) inadequately assessing her credibility. Doc. 8 at PageID 1011-20. The undersigned finds error in the second of these contentions and, therefore, does not reach the merits of Plaintiff's third alleged error.[4]

---

[4] The Court finds no merit to Plaintiff's first assignment of error. *See* doc. 8 at PageID 1011-12. The ALJ found Plaintiff was moderately limited in her ability to maintain concentration, persistence and pace at Step Two, and subsequently, in determining Plaintiff's RFC and posing a hypothetical question to the vocational expert ("VE"), limited Plaintiff to "performing unskilled, simple, repetitive tasks." PageID 77. Plaintiff points to cases where Courts have determined that a limitation to unskilled, simple and repetitive tasks is not sufficient to account for a claimant's moderate limitations in concentration, persistence and pace. *See, e.g.*, *Edwards v. Barnhart*, 383 F. Supp.2d 920, 930-31 (E.D. Mich. 2005). However, in this case, the ALJ found Plaintiff moderately limited in this regard based upon the opinion of examining physician George O. Schultz, Ph.D. who, when offering an opinion in this regard, specifically noted that Plaintiff "is mentally capable of completing routine or repetitive [activities of daily living] . . . on a job setting." PageID 599. Further, Dr. Schultz noted that Plaintiff would have no "objective changes" in her effectiveness that would prompt "concerns by employers[.]" *Id*. Finding that the ALJ's limitations track the opinion of Dr. Schultz's opinion -- an opinion Plaintiff does not challenge on appeal -- the undersigned concludes that the ALJ committed no error in this regard. *See Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 436-37 (6th Cir. 2014)?

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[5]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9. Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest

---

[5] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id.*

rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

In this case, Dr. Adib opined on May 28, 2013 that Plaintiff could: lift 10 pounds occasionally and 2.5 pounds frequently; stand and walk for a total of 2 hours per workday; sit for a total of 3-4 hours per workday, but for only 15 minutes at a time before moving positions; and never climb, balance, stop, crouch, kneel, or crawl. PageID 596-98. Dr. Adib also concluded that Plaintiff would be limited in her ability to handle, push and pull; and would further be unable to perform even sedentary work because of short-term memory loss. PageID 598-600. On August 14, 2014, Dr. Ranginwala offered an opinion that Plaintiff was unable to work any hours per workday; was unable to stand or sit for any significant period of time per workday; and was unable to lift any significant weight even occasionally during the workday. PageID 994-95.

The ALJ gave "little weight" to the opinions of both Dr. Adib and Dr. Ranginwala. PageID 82-83. With regard to Dr. Adib, the ALJ stated:

> Dr. Adib's treatment records document the claimant's subjective reports of tenderness in her chest, back, and left knee. Further, Dr. Adib has reportedly observed the claimant to exhibit diminished range of motion in her left knee (which has not been observed by Dr. Raginwala in his examinations). Otherwise, however, there is little objective evidence in Dr. Adib's treatment records to support his opinion the claimant is limited to sedentary level work for a total of just five to six hours per day. Further, Dr. Adib's opinion the claimant is precluded from sedentary work because of short term memory loss is wholly unsupported by any objective medical evidence, either in his own treatment records or those of any other

6

>acceptable medical source, and is contradicted by Dr. Schultz'[s] psychological examination findings and report that the claimant's memory was intact/retained.

PageID 82-83 (internal citations omitted). With regard to Dr. Ranginwala's opinion, the ALJ found that:

>Dr. Ranginwala's physical examinations of the claimant have all been largely negative, and despite his claim that the claimant's treatment plan includes "PT" (physical therapy), he has only prescribed the claimant mild pain medications. Further, Dr. Raginwala includes "stiffness," "'tension headaches," "chronic fatigue" and "memory loss" among his findings. However, his treatment records reflect the claimant has denied experiencing stiffness or headaches, and there is no mention in Dr. Raginwala's treatment records that the claimant either complained of, or Dr. Raginwala observed, any evidence of memory loss. He also appears to have simply accepted the claimant's subjective allegations and complaints and based his suggested limitations on these allegations with no inquiry into whether they are objectively supported.

PageID 83.

After rejecting these treaters' opinions, the ALJ gave "moderate level weight" to the opinions of record reviewers Friehofner and Manos, both of whom concluded that Plaintiff was able to lift 20 pounds occasionally and 10 pounds frequently; stand for 2 hours per workday; sit 6 hours per workday; and never climb ladders, ropes or scaffolds. PageID 82, 126-27; 141-42, 155-56. In weighing these opinions, the ALJ cited to no specific record evidence supporting the favorable weight provided and, instead, referred only to Dr. Raginwala's records to support the conclusion that Plaintiff was, in fact, more limited than either Drs. Friehofner and Manos opined. PageID 82 (stating that "recent medical evidence from Dr. Raginwala, as well as [Plaintiff's] testimony, support further limiting her to only occasional overhead reaching"). The lack of explanation in this regard is error.

With regard to the treaters, the undersigned notes that, in weighing the opinions of Drs. Adib and Raginwala, the ALJ neither specifically mentioned the concept of controlling weight nor specifically declined to afford these opinions controlling weight. PageID 88; *see also Wilson*

*v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (stating that the regulations are designed to "ensure[ ] that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule"). Such failure is error where the Court cannot determine whether the ALJ undertook the "two-step inquiry" required when weighing treating source opinions. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376-78 (6th Cir. 2013); *Chrismon v. Colvin*, 531 F. App'x 893, 900 (10th Cir. 2013).

Further, in weighing Dr. Ranginwala's opinion, the ALJ concluded that "his physical examinations of [Plaintiff] have all been largely negative[.]" PageID 83. Such statement is not entirely true. In this regard, the ALJ failed to note that Dr. Ranginwala's treatment records -- and, similarly, Dr. Adib's records -- all note multiple positive tender points (although the records fail to note whether the tender points were found bilaterally at each location). PageID 973, 977, 980; *see also* PageID 541, 545, 550, 554, 910-11, 915, 986, 989, 991. In fact, Dr. Ranginwala noted that Plaintiff has "[p]ain on palpation in at least 11 of 18 [t]ender [p]oints[.]" PageID 994-95. Considering the primary "chief complaint" for which Plaintiff saw Dr. Ranginwala -- a rheumatologist -- was for fibromyalgia, the recording of positive tender points is significant. *See Minor v. Comm'r of Soc. Sec.*, 513 F. App'x 417, 434 (6th Cir. 2013) (stating that "[t]he process of diagnosing [fibromyalgia] involves testing focal points for tenderness and ruling out other conditions through objective medical and clinical methods") (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 244 (6th Cir. 2007)). Accordingly, in the absence of some explanation by the ALJ as to why such findings fail to support Dr. Ranginwala's opinion, the undersigned finds that the ALJ's rejection of such opinion is unsupported by substantial evidence.

The same is true for the ALJ's assessment of Dr. Adib's opinion. In rejecting that opinion, the ALJ acknowledged Dr. Adib's findings concerning "tenderness in [Plaintiff's] chest, back, and left knee[,]" as well as a "diminished range of motion in her left knee[.]" PageID 82.

Despite acknowledging these findings, the ALJ concluded that "there is little objective evidence in Dr. Adib's treatment records to support his opinion." PageID 82. The ALJ, however, failed to explain why these particular findings -- especially the consistent finding of multiple tender points upon examination -- were insufficient to support his opinion, especially given that such opinion was consistent with, and supported by, the opinion of specialist Dr. Ranginwala. *Id.* In light of the lack of explanation in this regard, the undersigned finds the ALJ's conclusion is unsupported by substantial evidence.

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the

9

presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). Here, the undersigned finds that evidence of disability is not overwhelming and that a remand for further proceedings is proper.

**V.**

**IT IS THEREFORE RECOMMENDED THAT**:

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date: June 5, 2017                    s/ Michael J. Newman
                                                                      Michael J. Newman
                                                                      United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).